**Wolter OROH, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–5251–ag.

United States Court of Appeals, Second Circuit.

Aug. 2, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Judy A. Robbins, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Wolter Oroh, through counsel, petitions for review of the BIA decision adopting and affirming the decision of Immigration Judge ("IJ") Robert Wiesel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). "Ques-

tions of law" include matters of statutory and regulatory construction. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir. 2006). Since Oroh challenges only the merits of the IJ's factual determinations we lack jurisdiction to review the one-year bar determination.

With respect to Oroh's claims for withholding of removal, the IJ was reasonable in determining that inconsistencies between Oroh's hearing testimony and his written application regarding whether he had suffered past persecution in Indonesia as well as inconsistencies between his testimony and witness's testimony with respect to how often he attended church, undermined his claim of fear of future persecution on account of his Pentecostal Christian religious beliefs. Additionally, Oroh testified that his family was Christian and that his father, two brothers, and two sisters continued to reside in his hometown of Minato in Indonesia, and that one sister lived in Jakarta. Because there is no evidence in the record that Oroh's family has been abused on account of their Pentecostal faith, or for any other reason, the IJ was reasonable in concluding that Oroh's testimony undermined his claim of fear of future persecution. *In re A–E–M–,* 21 I. & N. Dec. 1157, 1160, 1998 WL 99555 (BIA 1998).

Finally, the IJ found that the record indicated that the Indonesian government has made recent progress in promoting religious freedom and reducing violence against Christians. In *Tian–Yong Chen v. INS,* 359 F.3d 121 (2d Cir.2004), this Court warned against overreliance on country reports and failure to consider countervailing evidence in deciding that an alien is unlikely to suffer future persecution. 359 F.3d at 130. This Court presumes that an IJ has taken into account all of the evidence

before him, unless the record compellingly suggests otherwise. *See Xiao Ji Chen,* 434 F.3d at 160 n. 13. Here, the IJ clearly acknowledged in his decision that Indonesia had experienced "setbacks with respect to religious freedom" and was not "in a pristine condition in so far as religious tolerance is concerned," but also pointed out that the government had made progress in cracking down on terrorists and extremists and attempting to reduce attacks on Christians. The record shows that the IJ thoroughly reviewed Oroh's evidence, but did which did not establish a reasonable possibility that he would be persecuted on account of his Christian religion. The IJ's finding that Oroh failed to establish a well-founded fear based on his Pentecostal religious beliefs is supported by substantial evidence in the record. Because there is no evidence that Oroh would likely be tortured upon return to Indonesia, the IJ's denial of CAT relief was also appropriate.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).